IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RUBEN NINO,<br><br>            Petitioner,<br><br>vs.<br><br>CHARLES FLANNIGAN, et al.,<br><br>            Respondents. | No. CV 04-02298-PHX-JWS [CRP]<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Ruben Nino asks this Court to issue a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Respondents opposed the Petition, arguing a failure to exhaust these claims in the state court. For the reasons discussed herein, this Court recommends that the District Judge, after his independent review and consideration, deny relief on the merits.

## I.    FACTS:

On August 19, 2002, the State of Arizona charged Petitioner in a four-count information with possession of marijuana for sale, possession of drug paraphernalia, and two counts of aggravated assault [Ex. A][1]. Subsequently, while on release, Petitioner failed to appear at court proceedings, and a bench warrant issued. Seven months later, he was apprehended by law enforcement, and briefly escaped from their custody. Petitioner was apprehended again and charged with escape and resisting arrest [Ex. F]. The State also alleged seven historical priors.

Pursuant to a plea agreement, Petitioner pleaded guilty to possession of marijuana for

---

[1] Exhibits refer to the exhibits submitted by Respondent with its Answer To Petition For Writ of Habeas Corpus.

1  sale and to escape in the second degree, with one prior conviction [Ex. G&H]. The State
2  agreed to dismiss the remaining counts and the other allegations of prior felony convictions.
3  In the plea agreements, Petitioner waived all motions, defenses and objections that he could
4  raise. *Id.*

5  At the change of plea colloquy, Petitioner's defense attorney provided the factual basis
6  for the escape charge as follows:

> On or about January 13, 2003, officers were attempting to take my client into custody. He had a felony warrant for his arrest in the 2002 cause number. As they were attempting to place him under arrest, my client got free and took off running. The officers were unable to capture him.

10  [Ex. I, p.13]. Petitioner admitted those facts were true. *Id.* No other facts were asserted in
11  the colloquy concerning interaction between Petitioner and police officers.

12  At sentencing, Petitioner was sentenced to the presumptive term on the escape charge.
13  On the marijuana charge, the presumptive term was 4.5 years and the maximum was 6.0
14  years. Judge Granville sentenced petitioner to 5.5 years, an aggravated sentence, because of
15  "the criminal history beyond the alleged and proven and the struggle with the officers." [Ex.
16  K, p.11]. The two sentences were ordered to run concurrent.

17  Because he pleaded guilty, Petitioner could not take a direct appeal. He instead filed
18  a timely Notice Of Post-Conviction Relief [Ex L] and Pro Per Petition For Post-Conviction
19  Relief [Ex. M]. Therein, Petitioner complained that he should have been allowed to
20  withdraw from the plea agreement, that his lawyer coerced him into pleading guilty, that his
21  lawyer provided ineffective representation and that the search of the car, which recovered the
22  marijuana, was illegal. On August 18, 2004, the trial court denied the petition, because the
23  plea agreement expressly waived defenses and motions, including the challenge to the search
24  [Ex. P]. Petitioner did not appeal this ruling to the State Court of Appeals.

25  On August 10, 2004, Petitioner filed a successive petition raising a challenge to his
26  aggravated sentence for the marijuana charge based on *Blakely v. Washington*, 524 U.S. 296,
27  124 S.Ct. 2531 (2004). [Ex. S.] That petition has never been considered by the state trial
28  court and remains pending.

The Petition raises two claims. First, Petitioner argues that his defense counsel was ineffective for not moving to suppress evidence seized from his car because the search violated his Fourth Amendment rights. Secondly, Petitioner complains that the aggravated sentence of 5.5 years violated *Blakely*.

Respondent concedes that the Petition is timely. Respondent argues that the ineffective assistance of counsel claim was not exhausted by appeal to the State Court of Appeals. *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999). Respondent also asserts that this claim cannot be raised in state court again, because it was required to be raised in the original of-right petition for post-conviction relief. Rule 32.1 and 32.2, ARIZ.R.CRIM.P. Therefore, this claim is procedurally barred. *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002).

Respondent's analysis as to the first claim is correct. The ineffective assistance of counsel and unlawful search claim is procedurally barred in state court, was not exhausted to the state court of appeals, and cannot be considered on the merits by this Court.

Concerning the *Blakely* claim, Respondent argued that because Petitioner never filed a direct appeal, his conviction became final on November 7, 2003, well before *Blakely* was decided by the Supreme Court on June 24, 2004. Respondent argued that *Blakely* was not retroactive, and *Teague* barred, therefore the claim could not be considered on collateral review. *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060 (1989).

In this Court's order of June 14, 2006, it was noted that under Arizona law, review of a guilty plea conviction by an of-right initial petition for post-conviction relief was the equivalent of a direct appeal. *State v. Ward*, 211 Ariz. 158, 118 P.3d 1122, 1125 (App. 2005). Therefore, the conviction was not final until the trial court denied the Rule 32 petition on August 18, 2004, well after the *Blakely* decision was issued.[2] Moreover, Petitioner raised the *Blakely* issue in a successive petition on August 10, 2004. The Court ruled that the

---

[2]While Petitioner did not appeal the denial to the Court of Appeals, he did move for reconsideration by the trial court, which was denied. In any event, the of-right appeal was pending when *Blakely* was decided.

- 3 -

1 *Blakely* issue was not *Teague* barred and appeared to remain pending in the state trial court. 2 The Court requested further briefing "concerning the lack of exhaustion of State remedies 3 on the *Blakely* issue, or whether there is an absence of state corrective process."

4 Petitioner's "Brief in Response To Court Order" argued the merits of his *Blakely* 5 claim. Petitioner asked that the case not be sent back to state court, and that this Court decide 6 the matter on the merits.

7 Respondent's "Response To Court Order of June 14, 2006," presented a lengthy, 8 convoluted and self-contradictory analysis of why for Federal habeas purposes, *State v.* 9 *Ward*, *supra*, is irrelevant, the judgment was final November 7, 2003, when no direct appeal 10 was taken, and thus the *Blakely* claim is *Teague*-barred. Respondent's argument, such as it 11 is , has been rejected by the recent decision in *Summers v. Schriro*, ___ F.3d ___, 2007 WL 12 738447 (9th Cir. 2007), which held that an Arizona state prisoner's of-right Rule 32 13 proceeding was direct review within the meaning of the habeas limitations statute.

14 Respondents also disagreed with the Court's conclusion that any failure to exhaust the 15 *Blakely* claim, which was clearly presented in the August 10, 2004 Rule 32 petition, was not 16 the fault of Petitioner. Relying on Rule 32.9(c), Ariz.R.Crim.P., Respondent argues "it was 17 incumbent on Petitioner to pursue the matter." This Court finds no authority, including that 18 cited by Respondent, to support that premise.

19 Finally, Respondent agrees that returning this case to state court is a futile exercise, 20 and, if the Court determines the Petition is not time-barred, asks the Court to determine the 21 matter on the merits. In so doing, Respondent argues that no jury would fail to find the 22 aggravating circumstances, had they been asked to do so and, therefore, any error is 23 harmless.[3] Thus, the aggravated sentence should be sustained.

24 Before applying either a harmless error or fundamental error analysis, it must first be 25 determined if error occurred. In this case, it is apparent from the record that no *Blakely*

---

27 [3]Because Petitioner did not object at trial to the failure to have a jury determine the 28 aggravated factors, had there been a *Blakely* violation, it would be reviewed on a fundamental error basis, not a harmless error. *State v. Henderson*, 210 Ariz. 561, 115 P.3d 601, 608 (2005).

1 violation occurred in connection with Petitioner's sentencing.

2 Under *Blakely*, a jury must determine beyond a reasonable doubt any fact which is
3 "legally essential to the punishment." *Blakely*, 542 U.S. at 313, 124 S.Ct. at 2543. In
4 Arizona's sentencing scheme, if one or more aggravated factors is found, an aggravated
5 sentence is permitted. A.R.S. § 13-702(D). In applying *Blakely* to this sentencing scheme,
6 the Arizona Supreme Court reasoned as follows:

> **[8, 9] ¶26**   The Sixth Amendment requires that a jury find beyond a reasonable doubt, or a defendant admit, any fact (other than a prior conviction) necessary to establish the range within which a judge may sentence the defendant. If, however, additional facts are relevant, merely to the exercise of a judge's discretion in determining the specific sentence to impose on a defendant *within* a given statutory sentencing range, the Sixth Amendment permits the judge to find those facts by a preponderance of the evidence. Under A.R.S. § 13-702, the existence of a single aggravated factor exposes a defendant to an aggravated sentence. Therefore, once a jury finds or a defendant admits a single aggravated factor, the Sixth Amendment permits the sentencing judge to find and consider additional factors relevant to the imposition of a sentence up to the maximum prescribed in that statue.

15 *State v. Martinez*, 210 Ariz. 578, 115 P.3d 618, 625 (2005).

16 In this instance, the trial judge considered two aggravated circumstances, "the criminal
17 history beyond the alleged and proven and the struggle with the officers." [Ex. K, p.11].
18 *Blakely* does not require that the fact of a prior conviction be presented to and found by a jury
19 beyond a reasonable doubt. *Blakely*, *supra*, at 301, 124 S.Ct. at 2536 (citing *Apprendi v. New
20 Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348(2000)). A history of prior convictions is *Blakely*
21 exempt. Therefore, since one *Blakely* exempt factor supports the aggravated sentence,
22 consideration of other factors imposing sentence does not violate Petitioner's Fifth and Sixth
23 Amendment rights established in *Blakely*. Moreover, the other issue considered by the
24 sentencing judge was admitted by the Petitioner. The factual basis stated in part:

> "As they were attempting to place him under arrest, my client got free and took off running."

[Ex. I, p.13]. While a more detailed factual basis would have been more clear, this admission
supports the trial judge's consideration of the "struggle" with the officers. Petitioner's
argument that he never admitted the struggle with officers [Brief in Response to Court Order,

1  p.4], is contradicted by his guilty plea colloquy.

2  Of the two factors considered by the sentencing judge in aggravating Petitioner's
3  sentence by one year, from 4.5 to 5.5 years, one was *Blakely*-exempt and the other was
4  admitted by Petitioner.  Therefore, there was no *Blakely* error in connection with the
5  sentencing.

6  The Petition should be denied on the merits.

7  **IT IS, THEREFORE**, the Report and Recommendation of the Court that the District
8  Judge, after his independent review and consideration, enter an order as follows:

9  1.  Finding that the claim of ineffective assistance of counsel was not exhausted, is
10      procedurally-barred, and should be DISMISSED.
11  2.  Finding that the *Blakely* claim is not barred for failure to exhaust state remedies.
12  3.  Finding that no *Blakely* error took place in aggravating Petitioner's sentence on the
13      marijuana charge.
14  4.  Ordering that the relief requested in the Petition be DENIED, and that the Petition be
15      DISMISSED WITH PREJUDICE.

16  Pursuant to 28 U.S.C. § 636(b), any party may file and serve written objections within
17  ten (10) days after being served with a copy of this Report and Recommendation.  If
18  objections are not timely filed, the party's right to de novo review may be waived.  *See*
19  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003) (en banc), *cert. denied*, 540
20  U.S. 900 (2003).  If objections are filed, the parties should direct them to the District Court
21  by using the following case number: **CV 04-02298-PHX-JMS.**

22  The Clerk of the Court is directed to send a copy of this Report and Recommendation
23  to all parties.

24  DATED this 17th day of April, 2007.

**CHARLES R. PYLE**
UNITED STATES MAGISTRATE JUDGE